Filed 9/16/24  P. v. Gutierrez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C098427 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F03886) |
| v. | |
| ROZCO GUTIERREZ, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 from a resentencing hearing and with no supplemental appellate brief or letter.  We affirm.

A jury found defendant Rozco Gutierrez guilty of second degree murder and found various enhancements true.  He was sentenced to 40 years to life in state prison:  15 years to life for murder and 25 years to life for the firearm enhancement.  In his first appeal, another panel of this court conditionally reversed the judgment and remanded the case for a juvenile transfer hearing pursuant to Welfare and Institutions Code section 707. (*People v. Rozco Gutierrez et al.* (Feb. 6, 2020, C083218) [nonpub. opn.] (*Gutierrez*).) On remand, the juvenile court granted the People's petition to transfer defendant to a court of criminal jurisdiction.  A different panel of this court affirmed that transfer order. (*The People v. R.G.* (Feb. 23, 2024, C098371) [nonpub. opn.].)  On our own motion, we

1

take judicial notice of our prior unpublished opinions. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) At the resentencing hearing in the criminal court, the trial court declined to strike the firearm enhancement. Defendant appeals.

## I. BACKGROUND

Defendant and E.G were Norteño gang members. A short distance from the victim's home, defendant climbed onto the handlebars of a bicycle pedaled by E.G. Defendant had a rifle and a handgun, while E.G. had a handgun. E.G. pedaled the bicycle to the front of the victim's home where R.R. and his friend, K.O., were out front doing yardwork. R.R. and K.O. were Tongan Crip gang members. (*Gutierrez, supra*, C083218)

E.G. fired his handgun towards R.R. and K.O. from the bicycle, while defendant fired the rifle on foot next to the bicycle. When they opened fire, R.R. ran inside and came back with an "Uzi" and returned fire. (*Gutierrez, supra*, C083218.)

One bullet killed R.R. Another bullet injured K.O. (*Gutierrez, supra*, C083218.) After R.R. collapsed in the street, defendant and E.G. moved away from the home while still firing at the victims. (*Ibid.*)

When detectives arrived, they found defendant and E.G. trying to put the rifle in defendant's pants. The detectives took defendant and others into custody. Defendant had a rifle, three magazines loaded with rifle ammunition, a nine-millimeter semiautomatic handgun, and a red bandana. E.G. was holding a cell phone, had a .357-magnum revolver, and was wearing clothing indicating his membership in the Norteño gang. (*Gutierrez, supra*, C083218.)

The jury found defendant guilty of second degree murder. The jury also found true various enhancement allegations, including that defendant personally and intentionally discharged a firearm which proximately caused the death of the victim. The trial court sentenced defendant to 40 years to life in state prison. (*Gutierrez, supra*, C083218.)

2

On direct appeal, a different panel of this court modified the judgment to strike the gang enhancement, conditionally reversed the modified judgment, and remanded the case to the juvenile court for a juvenile transfer hearing. (*Gutierrez, supra*, C083218.) On remand, the juvenile court granted the motion transferring the case to the criminal court. A third panel of this court affirmed that ruling. (*In re R.G.*, *supra*, C098371.)

When the matter returned to the criminal court, defendant asked the trial court to strike the firearm enhancement. Defense counsel argued defendant had suffered an extremely chaotic and traumatic childhood, had no record prior to this offense, was involved with the wrong people, and his house had burnt down for a second time just prior to the murder. Defense counsel also argued that defendant's mother had a long history of mental health issues and defendant was left to fend for himself when she was at a shelter but he was not allowed to stay there. The People opposed that motion, pointing out that although defendant had engaged in some rehabilitative efforts in prison and there were some mitigating circumstances, defendant consistently committed new rule violations and engaged in violent conduct in prison (stabbing another prisoner and possessing a manufactured weapon). The People argued defendant continued to be a threat to public safety. The trial court found that dismissing the firearm enhancement would endanger public safety and refused to exercise its discretion to strike the firearm enhancement. The trial court reconfirmed the previous sentence of 40 years to life in state prison imposed on October 14, 2016.

Defendant filed a timely notice of appeal.

## II. DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. We have received no

3

communication from defendant.  We have independently reviewed the record and conclude there is no arguable error that would result in a disposition more favorable to defendant.

### III.  DISPOSITION

The judgment is affirmed.


/s/
MESIWALA, J.


We concur:


/s/
DUARTE, Acting P. J.


/s/
KRAUSE, J.


4